# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>              Plaintiff, ) <br> vs. ) <br> ) <br> CHAD ASKREN, ) <br> ) <br>              Defendant. ) <br> ) | Case No.: 2:14-cr-314-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation (ECF No. 39) entered by Magistrate Judge George W. Foley, Jr. on October 5, 2015, denying Defendant Chad Askren's ("Defendant's") Motion to Suppress Evidence (ECF No. 16). On October 16, 2015, Defendant timely filed his Objection. (ECF No. 40). The Government filed a Response to the Objection on November 2, 2015, without any additional argument, "re-alleg[ing] and incorporate[ing] the statement of facts and arguments included in its response to defendant's motion [to suppress]." (ECF No. 41). On November 5, 2015, Defendant then filed a Reply. (ECF No. 42).

## I. BACKGROUND

On September 24, 2014, an Indictment (ECF No. 1) was entered charging Defendant with Count One of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b); Count Two of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b); and Count Three of Advertising Child Pornography, in violation of 18 U.S.C. § 2251(d). The Indictment issued following a search on December 13, 2012, of a residence located at 514 Crimson View Place, Las Vegas, Nevada 89144 ("residence"). (R. & R. 1:22–23, ECF No. 39). The search was conducted pursuant to a warrant issued by Magistrate Judge Foley on December 10, 2012. (*Id.* at 1:23–25). The search warrant relied on an affidavit by William C. Hedges, a Special Agent of the Department of Homeland Security

("Agent Hedges") stating his extensive credentials, along with background information regarding computers and child pornography, including the nature and characteristics of those associated with child pornography who treat such images as "prized possessions." (*Id.* at 2:1–5:6; 11:1–4). The affidavit further described his online undercover investigation and stated that on October 2, 2012, Agent Hedges downloaded child pornography images made available for downloading by IP address 68.229.54.147. (*Id.* at 4:27–5:12). Agent Hedges then connected to the residence through records and surveillance. (*Id.* at 5:7–6:5).

In his Motion to Suppress, Defendant seeks a determination from this Court that the search warrant application in this case lacked probable cause and was stale. (Mot. to Suppress 3:11–7:11, ECF No. 16). As such, Defendant argues that the search of the residence was a violation of Defendant's Fourth Amendment rights and that all evidence seized as a result of this search must be suppressed. (*Id.* at 3:14 – 4:21). Defendant further argues that if the Court finds that probable cause lacking, invalidating the warrant, then the Court should also find that the good faith exception to a warrantless search does not apply. (Mot. to Suppress 7:12–9:7, ECF No. 16). However, Judge Foley found that probable cause existed for this warrant and it was not stale, so he recommended denial of the motion. (R. & R. 7:14–11:9, ECF No. 39).

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

### III. DISCUSSION

Defendant asserts three objections to Judge Foley's Report and Recommendation denying his Motion to Suppress. (Obj., ECF No. 40). First, Defendant argues that Judge Foley erred in not allowing for an evidentiary hearing. (*Id.* at 4:13–5:27). Second, Defendant argues that Judge Foley erred "by not addressing the lack of *ongoing* criminal activity" which caused the search warrant to lack probable cause and be stale. (*Id.* at 6:1–8:21). Lastly, Defendant claims that Judge Foley further erred in finding that the good faith exception would have applied in this case if the warrant had failed. (*Id.* at 8:22–9:10).

Regarding Defendant's first objection, the Court agrees with Judge Foley that no evidentiary hearing was necessary. A motion to suppress requires an evidentiary hearing "only when the moving papers allege with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Further, "[a] hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one." *Id.* at 621 (citation omitted). Defendant argues that a question of fact exists "regarding whether there was information that undermines the connection between the connection between the IP address and the residential address associated with the internet subscriber to which the IP address is assigned." (Obj. 4:24–26, ECF No. 40). Judge Foley indicated, however, that "no such information" had been provided here. (R. & R. 9:10, ECF No. 39). Defendant's objection even admits that he does not know of any such information. (Obj. 5:9–12). Defendant fails to point to any definite or specific allegations requiring an evidentiary hearing, and as such, no evidentiary hearing is necessary.

For Defendant's second objection, the Court agrees with the analysis and findings of Judge Foley in his Report and Recommendation (ECF No. 39) that probable cause existed for the search warrant of the residence based on Agent Hedges affidavit and the information was

not stale. Specifically, the Court finds that probable cause existed for the search warrant of the residence based on Agent Hedges downloading the child pornography images from a computer with a specific IP address that made them available, along with the records and surveillance by Agent Hedges connecting the residence with the IP address. *See Chism v. Wash.*, 661 F.3d 380, 390 (9th Cir. 2011) ("[A] computer that is connected to the internet can be *uniquely* identified by its IP number . . . we have repeatedly recognized the utility of using IP address information to investigate child pornography offenders."). Further, the Court also finds that the affidavit was not stale after two months, as "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997); *see also United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013) (explaining that a good reason included a detective's "affidavit explaining that individuals who possess distribute, or trade in child pornography rarely, if ever, dispose of sexually explicit images of children because these images are treated as prized possessions." (internal quotation marks omitted)). In *Lacy*, based on an affidavit similar to that of Agent Hedges in describing the nature of child pornography, the Court found that a search performed ten months after the images were downloaded was not stale. *Lacy*, 119 F.3d at 746. While the Ninth Circuit in *Lacy* was specifically unwilling to extend such allowable delay indefinitely, the time lapse here was clearly less than in *Lacy*. *Id.*; *see also Schesso*, 730 F.3d at 1047 (concluding that a twenty-month delay did not render the information stale). Therefore, Defendant's second objection is without merit.

Defendant's third objection regarding the good faith exception is moot because the Court finds that the search warrant was properly issued and executed.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 39) and denies Defendant's Motion to Suppress (ECF No. 16).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 39) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (ECF No. 16) is **DENIED**.

**DATED** this __23__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court