## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-00314-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| CHAD ASKREN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion in Limine (ECF No. 17) filed by Defendant Chad Askren ("Defendant") to exclude evidence concerning Defendant's prior arrest and trial in Florida for possession of child pornography (the "Florida Case"). The Government filed a Response (ECF No. 27), and Defendant filed a Reply (ECF No. 29).

## I.   BACKGROUND

Defendant is currently charged with three counts in the Criminal Indictment (ECF No. 1) filed on September 24, 2014: Count One, 18 U.S.C. § 2252A(a)(2) – Receipt of Child Pornography; Count Two, 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography; and Count Three, 18 U.S.C. § 2251(d) – Advertising Child Pornography.  These charges arise from evidence allegedly discovered during the search of a residence located at 514 Crimson View Place, Las Vegas, Nevada 89144, on December 13, 2012. (Mot. in Lim. ("MIL") 3:8–14, ECF No. 17). The search was conducted pursuant to a warrant issued by Magistrate Judge George W. Foley on December 12, 2012. (Resp. 3:18–19, ECF No. 27).  During the search, a computer allegedly belonging to Defendant was seized.  A forensic examination of the computer resulted in the discovery of 76 videos and 5,284 images depicting child pornography. (*Id.* 3:21–4:2).

At trial, the Government seeks to include information about the Florida Case as evidence of Defendant's prior child molestation activities pursuant to Federal Rules of Evidence ("FRE") 414 and 404(b). (*Id.* 4:18–20). In 2004, pursuant to a search warrant, detectives in Florida seized Defendant's computer. (Resp. 4:3–11). Forensic analysis of this computer revealed 62 computer images and 46 movie files depicting child pornography. (*Id.*). Defendant went to trial and claimed another person in the home downloaded the child pornography onto Defendant's computer. (*Id.*). The jury acquitted him of the charges brought against him under Florida Statute 827.071(5). (*Id.*).

The Government intends to introduce testimony from the forensic examiner in the Florida Case who will describe the various images and videos of child molestation found on Defendant's computer, and testimony from Defendant's roommate in Florida, who located some of those images on the computer and reported them to the police. (*Id.* 4:21–5:3). Defendant's Motion in Limine seeks to exclude this evidence as irrelevant, not admissible under FRE 404(b) or 414, and overly prejudicial.[1] (MIL 7:20–13:18); (Reply 2:17–10:1).

## II.   LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for FRE 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have

---

[1] Defendant begins his argument by citing a multitude of reasons for excluding the proffered evidence: "The evidence the government seeks to introduce is barred by the Federal Rules of Evidence 401 , 403, 404(b) 801, and 803, and by the Fifth and Sixth amendments to the United States Constitution. This evidence is irrelevant, unduly prejudicial, not proper 404(b) evidence, and inadmissible hearsay." (MIL 4:9–12). However, apart from the noted exclusionary rules discussed in this Order, Defendant fails to provide any analysis of the other referenced rules. The Court reminds Defendant of the oft repeated maxim: "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Accordingly, the Court need not examine the issues merely referenced but not analyzed in Defendant's Motion in Limine.

traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III.   DISCUSSION

Defendant asserts several evidentiary objections to the admissibility of the Florida Case evidence. First, Defendant argues the Florida Case should be excluded because it is not relevant. Second, Defendant contends this evidence is not admissible under FRE 414 because Defendant's prior Florida charges did not contain a component of interstate commerce as required by the offenses in 18 U.S.C. chapter 110; therefore, it was not "child molestation" as defined by FRE 414. (Reply 4:15–23, ECF No. 29). Lastly, Defendant argues that admission of the evidence would violate FRE 403 because "the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice and would confuse the jury." (*Id.* 6:11–12).

### A.   Relevance

Defendant argues that the Florida Case is not relevant because it is "factually distinct." (MIL 8:19). Defendant explains that the Florida Case "involved law enforcement allegedly finding images classified as child pornography on a computer . . . [and] it did not necessarily involve 'file sharing', [sic] which is the core of the government's case [here]." (*Id.* 8:5–8). Defendant also argues against the relevancy of the Florida Case because it occurred about ten

years ago, and Defendant "proceeded to trial and was acquitted on all counts." (*Id.* 9:2, 9:9–10, 11:6).  The Government counters that the evidence should be admitted because it "is probative of Defendant's intent to seek, receive, download, and advertise child pornography." (Resp. 12:8–9).  Further, the Government argues that the evidence "negates any claim that someone else downloaded it, or 'hacked his computer,' or that there was a virus, or that he was 'set-up.'" (*Id.* 12:8–9).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).  More specifically, "courts have routinely allowed propensity evidence in sex-offense cases, even while disallowing it in other criminal prosecutions." *United States v. LeMay*, 260 F.3d 1018, 1025 (9th Cir. 2001).  Additionally, evidence of other child molestation offenses can be relevant even though the defendant was acquitted of previous charges if the circumstances surrounding the prior allegations are similar to present charges. *See United States v. Young*, No. CR13-08084-PCT-DGC, 2013 WL 4834029, *2 (D. Ariz. Sept. 10, 2013) (citing *Dowling v. United States*, 493 U.S. 342, 342–50 (1990) in the context of collateral estoppel for the proposition that otherwise admissible probative evidence need not be excluded "simply because that evidence relates to alleged criminal conduct for which a defendant has been acquitted."); *see also LeMay*, 260 F.3d at 1029 ("[W]e do not suggest that district courts may *only* introduce prior acts of molestation for which a defendant has been tried and found guilty"); *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005) ("Under [FRE] 414(a), the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required."). Lastly, the Ninth Circuit has upheld the relevance of previous incidents that occurred more than

ten years prior. *See LeMay*, 260 F.3d at 1029 (eleven years); *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (twelve years).

Here, the substantive elements of the Defendant's prior charges closely resemble those of the present charges, both of which involve the knowing possession of child pornography. *Compare* Fla. Stat. 827.071(5) *with* 18 U.S.C. § 2252A; *see also United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998) ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another."). Additionally, while the alleged methods of finding the child pornography may have differed, the child pornography was allegedly found on a computer in both Defendant's previous and present charges.  Moreover, Defendant's previous and potential defense appears to center around someone else being responsible for the content on Defendant's computer.  Although Defendant was acquitted in the Florida Case, the probability of a repeated incident wherein Defendant unknowingly and unintentionally received child pornography on his personal computer carries probative value.  The circumstantial relation between prior and present charges evinces a course of conduct wherein Defendant's computer is used to access, download, and store child pornography.  Lastly, in accordance with Ninth Circuit precedent, a ten-year interim amount of time does not destroy the relevancy of the Florida Case. *See LeMay*, 260 F.3d at 1029; *Rude*, 88 F.3d at 1550.

Accordingly, because the prior and present charges are similar in terms of substantive elements and surrounding circumstances, the Court finds the proffered evidence makes it more probable that Defendant is responsible for the child pornography on the computer. Therefore, the Court finds that the Florida Case is relevant.

**B.  Federal Rule of Evidence 414**

FRE 414 states: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The

evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). However, "[FRE] 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001). To be admitted, proffered evidence must satisfy three elements: (1) the defendant must be accused of an offense of sexual assault or child molestation; (2) the evidence proffered must pertain to the defendant's commission of another sexual assault or child molestation; and (3) the evidence must be relevant. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) Here, the Court has already determined that the Florida Case is relevant. (*See supra* Part A). Further, Defendant concedes that his current charges are offenses of child molestation. (Reply 3:24–25). As such, the Court need only examine the second element, whether the Florida Case constituted an offense of child molestation.

To do so, the Court must first determine whether the interstate commerce requirement is a component of a defendant's conduct under 18 U.S.C. chapter 110, or whether it is more akin to a jurisdictional component of the federal statutes. *See Torres v. Lynch*, 136 S. Ct. 1619, 1624–25 (2016) (explaining the jurisdictional element as tying "the substantive offense . . . to one of Congress's constitutional powers"). If interstate commerce is not a component of Defendant's conduct, but rather a jurisdictional element, it is then necessary to determine whether the prohibited conduct identified in Florida Statute 827.071(5) is similar enough to the prohibited conduct identified in 18 U.S.C. chapter 110 to fall under FRE 414's definition of "child molestation." *See Torres*, 136 S. Ct. at 1631–32 (explaining in a different context that a state offense can properly be assimilated to a federal crime when it has every element of a listed federal crime except one requiring a connection to interstate commerce).

In a criminal case in which a defendant is accused of child molestation, FRE 414 permits the admission of evidence that the defendant committed any other child molestation. FRE 414 defines "child molestation" in pertinent part as "a crime under federal law or under state law involving . . . any conduct prohibited by 18 U.S.C. chapter 110." Because 18 U.S.C. chapter 110 is federal law, the conduct prohibited therein necessarily contains a component of interstate commerce in order to satisfy the requirements of the Commerce Clause. *See United States v. Morrison*, 529 U.S. 598, 608–09 (2000) (holding Congress may regulate the use of the channels of interstate commerce, regulate and protect the instrumentalities of interstate commerce, and regulate those activities that substantially relate to interstate commerce). However, "courts have routinely held that a criminal defendant need not know of a federal crime's interstate commerce connection to be found guilty." *Torres*, 136 S. Ct. at 1631; *see United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (discussing § 2251(a), a statute within 18 U.S.C. chapter 110, as "not requir[ing] knowledge as to the interstate nature of the crime," but rather "[t]o satisfy the jurisdiction element. . . the Government was only required to prove beyond a reasonable doubt that the child pornography was produced with materials that had traveled in interstate commerce.").

Specifically, in the context of 18 U.S.C. chapter 110, the Ninth Circuit has held that the interstate commerce requirement is met when visual depictions are transferred between state lines, regardless of whether the defendant himself transferred them. *See United States v. Lynn*, 636 F.3d 1127, 1136 (9th Cir. 2011) ("If child pornography is produced in one state and the visual depictions—the images—end up on a defendant's computer in another state, regardless of changes of medium, the jurisdictional provisions requiring that visual depictions of child

pornography have been shipped, mailed, or transported in interstate or foreign commerce are satisfied . . . [and] such evidence is sufficient to sustain a jury determination that the interstate commerce element was met."). As such, the Ninth Circuit's interpretation of these jurisdictional components demonstrate that a defendant does not have to transfer the visual depictions of child pornography in interstate commerce himself, nor does a defendant have to know the bad act he is committing is interstate in nature. Therefore, the interstate commerce component is not a reflection of a defendant's conduct. *See generally United States v. X–Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (extending the "knowingly" scienter requirement to the substantive elements of the crime, but not to the interstate commerce requirement). Because interstate commerce does not have to be part of a defendant's conduct under these sections of title 18 of the U.S. Code, and because FRE 414 is concerned with a defendant's conduct, Defendant's argument that the Florida Case must be excluded for Florida Statute 827.071(5)'s lack of an interstate commerce requirement necessarily fails.

Next, it must be determined whether the state and federal statutes prohibit similar conduct. For the Florida Case to be admissible, the conduct described in the Florida Statute must involve conduct similar to the conduct prohibited by chapter 110. *See* Fed. R. Evid. 414. In relevant part, Florida Statute 827.071(5) provides: "It is unlawful for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, *computer* depiction, or other presentation which . . . he or she knows to include sexual conduct by a child." (emphasis added). By comparison, one section within chapter 110 states:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, *computer* disk, or any other material that contains an image of child pornography that has been mailed, shipped or transported using any means…including by *computer* . . . .shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(b) (emphasis added).[2] Fundamentally, both statutes make it unlawful for an individual to knowingly possess or view child pornography in any form. Because Florida Statute 827.071(5) prohibits conduct that is also prohibited under 18 U.S C. chapter 110, this Court finds the Florida Case pertains to the defendant's commission of another child molestation. Accordingly, the Court finds that all of the elements have been satisfied under FRE 414, and the Florida case is admissible.[3]

### C. Federal Rule of Evidence 403

Even if the evidence is relevant and admissible under FRE 414, the Court must still consider FRE 403 to determine if the evidence should nonetheless be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice" to Defendant. Fed. R. Evid. 403; *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000). The Ninth Circuit has held that FRE 403 remains applicable to evidence introduced under FRE 414, and "if conscientiously applied, [FRE 403] will protect defendants from propensity evidence so inflammatory as to jeopardize their right to a fair trial." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001); *Glanzer*, 232 F.3d at 1268 ("Because of the inherent strength of the evidence that is covered by [FRE 413–415], when putting this type of evidence

---

[2] The Court notes that in addition to the similar conduct prohibited by both statutes, these two statutes also specifically include a computer as a means through which each statute can be violated.

[3] Defendant also argues that the evidence is not admissible under 404(b); however, because the Court finds that the evidence is admissible under FRE 414, it need not address admissibility under FRE 404(b). *Glanzer*, 232 F.3d at 1268 (9th Cir. 2000) (holding "this new evidentiary rule [FRE 414] . . . was passed to make an exception to [FRE] 404(b), which imposed a blanket prohibition on propensity evidence.").

through the [FRE] 403 microscope, a court should pay careful attention to both the significant probative value and the strong prejudicial qualities of that evidence.") (quotations omitted).  To properly evaluate evidence under FRE 403, the district court must examine the evidence under the *LeMay* factors:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*LeMay*, 260 F.3d at 1028.

First, the Court has already considered the similarity of the two statutes. (*See supra* Part B).  The FRE 414 analysis requires only that the state statute involve conduct prohibited by 18 U.S.C. chapter 110; however, the Court already identified one of Defendant's current charges, 18 U.S.C. § 2252A(a)(5)(b), as sufficiently similar to the charges in the Florida Case. (*See supra* Part B).  Substantively, both statutes make it unlawful for an individual to knowingly possess or view child pornography in any form. *Compare* Fla. Stat. 827.071(5) *with* 18 U.S.C. § 2252A(a)(5)(b); *see also Torres v. Lynch*, 136 S. Ct. 1619, 1631–32 (2016) ("In deciding whether a state crime of conviction thus corresponds to an enumerated federal statute, every court to have faced the issue has ignored the statute's jurisdictional element.").

In addition to comparing statutory elements, the FRE 403 analysis must also consider the similarity of the factual circumstances surrounding the prior acts and current charges. *See Glanzer*, 232 F.3d at 1268; *see also LeMay*, 260 F.3d at 1028.  Here, the factual situation of the present charges is closely similar to the Florida Case.  Specifically, in both the Florida Case and the present charges, child pornography was found on a computer belonging to Defendant, Defendant lived with other individuals at the time the child pornography was found, and the child pornography was stored on Defendant's computer in video and photograph format. (MIL

2:20–24, 3:25); (Resp. 3:21–4:9).  Accordingly, both the statutory and factual similarities weigh against excluding the evidence under FRE 403.

Next, as for closeness in time, the Ninth Circuit has not adopted a "bright-line rule" regarding closeness in time. *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996), *as amended on denial of reh'g* (Sept. 10, 1996).  However, "where the prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old." *Id*. at 1550; *see LeMay*, 260 F.3d at 1029 (holding that an eleven year interval between prior and present charges did not render admission of evidence an abuse of the court's discretion).  Here, Defendant's current charges, stemming from an investigation beginning in October of 2012, come eight years after Defendant's 2004 Florida Case. (MIL 9:3–4).  This temporal gap clearly falls within the realm previously accepted by the Ninth Circuit. *See, e.g.*, *LeMay*, 260 F.3d at 1029.  The similarity between Defendant's present charges and the prior Florida Case charges, as explained above, provide further support to this factor.  As such, the time factor weighs against exclusion of the Florida Case.

With regard to the third factor of frequency, prior charges of child molestation in a single incident involving multiple victims satisfies the frequency requirement under FRE 403. *See LeMay*, 260 F.3d at 1029 (admitting prior charges wherein one incident of child molestation involved two victims).  Evidence of reoccurring similar conduct illustrates that the previous child molestation offense "was not an isolated occurrence." *Id.*  Here, the Government proffers evidence of a prior incident involving multiple children.  The Florida Case investigation recovered "46 movie files depicting child pornography" and "62 computer images of child pornography." (Resp. 4:7–9).  This collection of files on Defendant's personal computer demonstrated numerous downloads of "multiple children engaged in sexual acts." (Ex. A to Resp. to MIL 2, ECF No. 27-1).  The Florida investigation report shows multiple days and times the child pornography files were downloaded, saved, and accessed. (*Id*.).  The

frequency of the alleged prior actions indicates reoccurring conduct and negates an isolated incident wherein child pornography was stored on Defendant's computer.  Accordingly, this factor also disfavors exclusion under FRE 403.

The fourth *Lemay* factor of intervening circumstances can include changes in a defendant's mental and physical capacities between offenses. *United States v. Stern*, 391 F. App'x 621, 623 (9th Cir. 2010) (Paez, J., dissenting) (explaining that "growth from childhood to adulthood constitutes a notable intervening circumstance").  Here, however, neither party argues that intervening circumstances exists, so this factor is neutral.

Lastly, as to necessity, "[p]rior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *United States v. LeMay*, 260 F.3d 1018, 1029 (9th Cir. 2001).  However, society places a heavy stigma upon those accused of sex crimes, and the Court must, therefore, "take into account the chance that 'a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment.'" *United States v. Castillo*, 140 F.3d 874, 882 (10th Cir. 1998) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).  Nevertheless, "clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses." *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997).

Here, while Defendant appears to dispute even the relevance of the proffered evidence, the Government has demonstrated its helpfulness in proving Defendant's *mens rea*, or that he knowingly possessed the child pornography.  Further, the Government alleges that it may be "practically necessary" to use this evidence to "to rebut Defendant's attempts to lay blame for his actions on others or mistake." (Resp. 16:1–2).  As the Ninth Circuit has explained, "[E]vidence of a defendant's prior acts of molestation will always be emotionally charged and inflammatory, as is the evidence that he committed the charged crimes.  Thus, that prior acts

evidence is inflammatory is not dispositive in and of itself." *LeMay*, 260 F.3d at 1030.[4]

Accordingly, the Court finds that the proffered evidence is sufficiently necessary.

Upon weighing the five factors of the FRE 403 balancing test, the Court finds that the prejudicial value of the Florida Case does not substantially outweigh the probative value. Therefore, the Court will not exclude the evidence under FRE 403.

Accordingly, the Court denies Defendant's Motion in Limine because the Florida Case is relevant, admissible under FRE 414, and should not be excluded by FRE 403.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant's Motion in Limine (ECF No. 17) is **DENIED**.

**DATED** this __26__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[4] In the FRE 403 analysis, courts may also consider "the extent to which an act has been proved." *LeMay*, 260 F.3d at 1029. However, under FRE 414, even allegations are sufficient. As such, while the Court acknowledges Defendant's acquittal in the Florida Case, the standard for a criminal conviction is much higher—beyond a reasonable doubt. Accordingly, the Court finds that Defendant's acquittal is not sufficient grounds for exclusion under FRE 403, especially when the other factors favor admission. Ultimately, the jury will be able to determine the amount of weight they will give this evidence, limited to its relevance in terms of the charges in this case.