# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-00314-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| CHAD ASKREN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion in Limine, (ECF No. 65), filed by the Government to preclude reference to Defendant Chad Askren's ("Defendant") prior acquittal of charges concerning possession of child pornography in a 2004 Florida state court proceeding (the "Florida Case"), to which Defendant filed a Response, (ECF No. 71). For the reasons discussed below, the Court GRANTS the Government's Motion.

## I. BACKGROUND

Defendant is currently charged with three counts in the Criminal Indictment, (ECF No. 1), filed on September 24, 2014: Count One, 18 U.S.C. § 2252A(a)(2) – Receipt of Child Pornography; Count Two, 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography; and Count Three, 18 U.S.C. § 2251(d) – Advertising Child Pornography. These charges arise from evidence allegedly discovered during the search of a residence located at 514 Crimson View Place, Las Vegas, Nevada 89144, on December 13, 2012. (Order 1:15–24, ECF No. 55). The search was conducted pursuant to a warrant issued by Magistrate Judge George W. Foley on December 12, 2012. (*Id.*). During the search, a computer allegedly belonging to Defendant was seized. (*Id.*). A forensic examination of the computer resulted in the discovery of 76 videos and 5,284 images depicting child pornography. (*Id.*).

At trial, the Government intends to introduce information about the Florida Case as evidence of Defendant's prior child molestation activities pursuant to Federal Rules of Evidence 414 and 404(b). (*Id.* 2:1–15).[1]  In 2004, pursuant to a search warrant, detectives in Florida seized Defendant's computer. (*Id.*).  Forensic analysis of this computer revealed 62 computer images and 46 movie files depicting child pornography. (*Id.*).  Defendant went to trial and claimed another person in the home downloaded the child pornography onto Defendant's computer. (*Id.*).  The jury acquitted him of the charges brought against him under Florida Statute 827.071(5). (*Id.*).

The Government's Motion in Limine asks the Court to exclude "any evidence, argument, or reference" that Defendant was acquitted of the charges brought against him in the Florida Case. (Mot. in Limine 2:16–18, ECF No. 65).  On January 17, 2017, the Court granted the Motion during calendar call with a written order to follow. (ECF No. 86).

## II.    LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  In order to satisfy the burden of proof for Federal Rule of Evidence 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [Federal Rules of Evidence] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the

---

[1] The Court has previously ruled that the evidence proffered by the Government related to the Florida case—specifically, testimony from the forensic examiner in the Florida Case who will describe the various images and videos of child molestation found on Defendant's computer, and testimony from Defendant's roommate in Florida, who located some of those images on the computer and reported them to the police—is admissible under both Federal Rules of Evidence 414 and 403. (*See generally* Order, ECF No. 55).

course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III.   DISCUSSION

In its Motion in Limine, the Government asks the Court to exclude "any evidence, argument, or reference" that Defendant was acquitted of the charges brought against him in the Florida Case. (Mot. in Limine 2:16–18, ECF No. 65).  The Government argues that evidence of a prior acquittal is inadmissible hearsay, irrelevant, and prejudicial and therefore inadmissible. (*See id.*).  Although the Supreme Court has not addressed the issue of whether an acquittal is admissible in federal prosecutions,[2] federal circuit courts overwhelmingly agree with the Government.

First, federal courts uphold exclusion of acquittals as hearsay because, "[u]nlike judgments of conviction, which may be admitted under Rule 803(22) of the Federal Rules of Evidence for some purposes, and used for impeachment under Rule 609, judgments of acquittal are not covered by an exception to the rule against admission of hearsay." *United States v. Irvin*, 787 F.2d 1506, 1516–17 (11th Cir. 1986); *see also United States v. Bisanti*, 414 F.3d 168, 172–73 (1st Cir. 2005); *United States v. Gricco*, 277 F.3d 339, 353 (3d Cir. 2002) (same), *overruled on other grounds*, *United States v. Cesare*, 581 F.3d 206, 208 n. 3 (3d Cir. 2009);

---

[2] Defendant asserts that the Supreme Court has "noted approvingly that the trial judge informed the jury of the acquittal when explaining the limited use for which the evidence was admitted." (Resp. 3:18–19); *see also Dowling v. United States*, 493 U.S. 342, 346 (1990).  However, the Court in *Dowling* made no ruling on the admissibility of the defendant's acquittal as the issue there was the inadmissibility of bad act evidence introduced at a prior trial resulting in acquittal. *Dowling*, 493 U.S. at 347.  In reference to the prior acquittal, the Court merely opined that "[e]specially in light of the limiting instructions provided by the trial judge," introduction of bad act evidence did not violate the due process test of "fundamental fairness." *Id.* at 353.  In light of the overwhelming subsequent case law from other circuits, the Court is not persuaded by one passing comment.

1  *United States v. De La Rosa*, 171 F.3d 215, 219–220 (5th Cir. 1999) (explaining that evidence
2  of an acquittal is properly excluded as hearsay) (citing *United States v. Sutton*, 732 F.2d 1483,
3  1492 (10th Cir. 1984)); *United States v. Thomas*, 114 F.3d 228, 250 (D.C. Cir. 1997) (holding
4  evidence of judgments of acquittal properly excluded as hearsay and as "generally . . . not
5  relevant because they simply show that the government failed to prove guilt beyond a
6  reasonable doubt"), *cert. denied*, 522 U.S. 1033 (1997); *United States v. Viserto*, 596 F.2d 531,
7  537 (2d Cir. 1979).

8  Federal circuit courts also find evidence of an acquittal inadmissible as irrelevant. *See,*
9  *e.g.*, *United States v. Kerley*, 643 F.2d 299, 300–01 (5th Cir. 1981) ("[E]vidence of a prior
10 acquittal is not relevant because it does not prove innocence but rather merely indicates that the
11 prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one
12 element of the crime."). For example, the First Circuit in *Bisanti* held that evidence of
13 acquittals in prior proceedings is generally inadmissible because an acquittal does not prove
14 actual innocence of the charged crime. *Bisanti*, 414 F.3d at 172–73. Instead, an acquittal
15 merely signifies that the prosecution failed to establish the essential elements of the crime
16 beyond a reasonable doubt. *Id.* The court also concluded that a defendant's prior acquittal of
17 one crime is not probative of a defendant's innocence in a later crime, and thus the acquittal
18 evidence tends to confuse rather than assist the jury. *Id.* Similarly, in *Viserto*, the Second
19 Circuit reasoned:

> A judgment of acquittal is relevant to the legal question of whether the prosecution is barred by the constitutional doctrine of double jeopardy or of collateral estoppel. But once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted.

24 *Viserto*, 596 F.2d at 537; *see also United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir.
25 1998); *United States v. Jones*, 808 F.2d 561, 566 (7th Cir. 1986).

Finally, federal circuit courts generally exclude acquittal evidence regardless of relevancy because its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; *see e.g.*, *United States v. Kerley*, 643 F.2d 299, 300–01 (5th Cir. 1981), *United States v. Jones*, 808 F.2d 561, 566 (7th Cir. 1986), *United States v. Irvin*, 787 F.2d 1506, 1517 (11th Cir. 1986); *Nordgren v. United States*, 181 F.2d 718 (9th Cir. 1950). Consistent with this principle, the Ninth Circuit has upheld the district court's refusal to admit evidence of the defendant's prior acquittal in separate case, explaining:

> Evidence as to what disposition another jury had made of a different charge was without value since it can not be known what consideration induced their verdict. Such evidence is not only without real worth but its admission would have a positive tendency to confuse or mislead the jury.

*Nordgren*, 181 F.2d at 721.

Defendant cites no contrary authority except for non-binding state court opinions. Even putting aside case law from other circuits, the Court is at a minimum bound to follow the Ninth Circuit's holding in *Nordgren*. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority . . . has no choice but to follow it, even if convinced that such authority was wrongly decided."). Consequently, given the tremendous federal history of excluding evidence of a prior acquittal, the Court likewise excludes evidence of Defendant's acquittal in the Florida Case.[3]

Notwithstanding the overwhelming federal case law on the subject, the Court sympathizes with Defendant's concern that "[i]f the jury is not informed of the acquittal, the jury will likely presume that [Defendant] was convicted." (Resp. 5:14–16). To minimize the

---

[3] Other district courts in this circuit have approved of judges' exclusion of acquittals in the habeas context. *See Murray v. Sherman*, No. 14-CV-02436-HSG (PR), 2016 WL 612918, at *18 (N.D. Cal. Feb. 16, 2016); *Segundo-Villa v. Cal. Dep't of Corr.*, No. ED CV 13-00046 VBF, 2014 WL 4105105, at *6 (C.D. Cal. Aug. 18, 2014).

potential prejudice to both the Government and Defendant, the Court instructs the parties and their witnesses to refrain from any suggestion that the Florida Case resulted in a trial. Instead, the parties may refer to the Florida Case as an investigation, a matter, or a proceeding. *See Bisanti*, 414 F.3d at 173. In addition, although the Court will not disclose Defendant's acquittal to the jury, the Court will advise the jury that the Florida Case "did not result in any criminal conviction or finding of civil liability against [Defendant]." *Id.* Finally, the Court will instruct the jury as follows:

> You are about to hear evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instruction, No. 2.10 (2010 ed. rev.).[4]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion in Limine, (ECF No. 65), is **GRANTED**.

**DATED** this __18__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[4] At the Court's January 17, 2017 hearing, the Government stated its non-opposition to such an instruction.